UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR D. ACEVEDO | ) |
| VICTORINO ACEVEDO | ) |
| MARIA ADAMCZEWSKI | ) |
| SANDRA BARTUSIAK | ) |
| ELISEO BENITEZ | ) |
| ANIELA BILEK | ) |
| JERZY BOKUM | ) |
| ASCENSION CAMPOS | ) |
| IGNACIO CERVANTES | ) 06CV3252 |
| GUILLERMO DONISIO | ) JUDGE LINDBERG |
| KRZYSZTOF DZIWISZ | ) MAGISTRATE SCHENKIER |
| ISRAEL FLORES | ) |
| JUAN FRAUSTO | ) |
| JOSE FRAUSTO | ) |
| RUBEN GONZALEZ | ) |
| MIGUEL A. HERNANDEZ | ) |
| ROBERT HYDE | ) |
| CARMELA INARRITO | ) |
| KRYSTYNA KAPLAN | ) |
| MARIA KOSON | ) |
| STANISLAW KOSON | ) |
| JULIA KOWALCZYK | ) |
| WACLAW KOZIANA | ) |
| STELLA KOZIEL | ) |
| GRAZYNA LEJA | ) |
| ROBERT LOPEZ | ) |
| EASPAR MARCIANO | ) |
| MALCOLM McNAUGHT | ) |
| JOSE SOCORRO MENDOZA | ) |
| SOPHIE MIETUS | ) |
| URSULA MLODZINSKI | ) |
| THOMAS NOVAKOVICH | ) |
| LUCYNA NOWAKOWSKI | ) |
| MARIA OBROCHTA | ) |
| MANUAL OLIVAN | ) |
| MANUAL OLWAN | ) |
| ANITA PEREZ | ) |
| MARIA PODCZERWINSKA | ) |
| MARTIN M. QUIROZ | ) |
| MARICIO RODRIGUEZ | ) |
| GENARO RODRIGUEZ | ) |
| SOPHIE ROGERS | ) |

FILED
JUN 1 4 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TADEUSZ ROMAN<br>WIESLAW RYNDAK<br>DONATA SILVA<br>MICHAEL SVERIDA<br>ANDRZEJ SZELIGA<br>URSZULA TAPER<br>CAYETANO TAPIA<br>FILEMON TORRES<br>FILEMON TORRES, JR.<br>ANGIE TRAKSELIS<br>JAMES W. TRIEZENBERG<br>BOGUMILA WALCZAK<br>LUCJAN WECHTA,<br><br>    Plaintiffs,<br>vs.<br><br>HEINEMANN'S BAKERIES, INC,<br>DEVELOPMENT SPECIALISTS, INC.,<br>VINCENT GRAHAM, Individually<br>SUSAN D. GRAHAM, Individually,<br>DENNIS A. DORNER, Individually,<br>GREGG H. DORNER, Individually,<br>ANDREW GERYOL, Individually,<br>WILLIAM RIMKUS, Individually,<br>WILLIAM A. BRANDT, JR., as Trustee,<br>And Individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiffs bring this action pursuant to the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101, *et. seq.*, Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. 1001, *et seq.*, the Illinois Wage Payment and Collection Act ("WPCA"), 820 ILCS 115, and the Preference of Claims for Wages Act ("PCWA") 770 ILCS 85, *et seq.*

2. Many of the Plaintiffs reside in Cook County, Illinois, within the jurisdiction and venue of this Court.

3. Plaintiffs were employed by Defendant Heinemann's Bakeries, Inc., at 4329 W. 43rd Street, in Chicago, Cook County, Illinois.

4. Defendant Heinemann's Bakeries, Inc. ("Heinemann's") operated a bakery at 4329 W. 43rd Street, from which it produced bakery products for sale to grocery and retail shops. Defendant Heinemann's operated in Cook County, Illinois.

5. Defendant Vincent Graham is the President of Heinemann's. Defendants Vincent Graham, Susan D. Graham, Dennis A. Dorner and Gregg H. Dorner at all relevant times were officers and/or directors of Defendant Heinemann's. Defendants Andrew Geryol and William Rimkus at all relevant times were managers or supervisors at Defendant Heinemann's.

6. Defendant Development Specialists, Inc ("DSI") is an Illinois corporation that, as a receiver, purported to assume custody of the assets of Heinemann's Bakeries, Inc. in 2005.

7. Defendant William A. Brandt, Jr. is a Trustee for the Benefit of Creditors of Heinemann's, in his employment with DSI.

8. This Court has jurisdiction over Plaintiffs' claims by reason of questions arising under WARN and ERISA, and supplemental jurisdiction exists pursuant to 28 U.S.C. 1367(a). Venue in this Court is proper by virtue of Plaintiffs' residence and Defendants' business address.

3

## COUNT I - PLAINTIFFS' WARN ACT CLAIM AGAINST DEFENDANT HEINEMANN'S BAKERIES, INC. AND DEVELOPMENT SPECIALISTS, INC.

9. Heinemann's Bakeries, Inc. is an employer as defined by the Workers Adjustment and Retraining Notification Act ("WARN Act), 29 U.S.C. § 2101 *et. seq.*, as further defined by 20 C.F.R. 639.4.

10. Prior to its mass layoff of employees, Heinemann's employed at least 150 permanent employees at its plant located at 4329 W. 43rd Street in Chicago, Illinois. These employees operated machinery, worked as production employees, and were otherwise employed in the production of bakery products.

11. Each of the Plaintiffs worked at Heinemann's more than six months, several for 20-30 years. Plaintiffs were employed as regular permanent employees for at least 40 hours a week.

12. In the summer of 2005, Defendant Heinemann's purported to assign its assets for the benefit of creditors, with DSI as the trustee and receiver of Defendant Heinemann's assets.

13. Defendants Heinemann's and DSI jointly decided during the summer of 2005 to close the plant at 4329 W. 43rd Street.

14. Defendants Heinemann's and DSI did not notify the Plaintiffs of the decision to close the plant at the time the decision was made. Indeed, as late as August 9, 2005, prior to the layoff, Heinemann's notified employees that Heinemann's was not planning on closing.

4

15. In late summer and fall 2005, Defendant Heinemann's notified its employees that the plant was closing and they were being laid off. Heinemann's management personnel informed well over 50 employees one day in fall 2005, on the same day, that they were being laid off. Defendants sent those employees home on the day of notification, making the day the employer gave employees notice the last day of their employment. Employees were instructed that the lay off was effective immediately.

16. Defendants Heinemann's and DSI failed to provide employees the 60 day notice period required before plant closings and lay offs before laying off or letting their work force go.

17. Defendants did not give Plaintiffs written notice of the plant closing/mass layoff.

18. Defendants failed to provide wages and benefits for 60 days subsequent to notification to employees that they were laid off.

19. At least 50 employees, and in fact approximately 150 employees, were "affected employees" as defined by 29 U.S.C. § 2191 (a)(5).

20. Defendant effected a "plant closing" and/or "mass layoff" as those terms are defined by 29 U.S.C. ¶ 2101 (a)(2) and (d), by terminating employees' employment.

21. The plant closing and/or mass layoff resulted in "employment losses," as that term is defined in 29 U.S.C. § 2101(a)(6), during the ninety-day period before and after the plant closing/mass layoff date, for at least fifty (50) employees, excluding "part-time employees" as that term is defined in 29 U.S.C. § 2101(a)(8).

22. Defendants failed to give timely written notice of the plant closing/mass layoff to any "affected employee" as required by WARN, 29 U.S.C. § 2102.

5

23. Because Defendants employed more than 100 full-time and/or 100 or more employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours, they were Plaintiffs' "employer" as defined in WARN, 29 U.S.C. § 2101(a)(1)(A) and (B).

24. The shutdown of the Heinemann facility or operations resulted in an "employment loss" for more than 50 of the defendants' employees, as that term is defined by Section 2(a)(6) of WARN, 29 U.S.C. § 2101(2)(a)(6).

25. The shutdown of the Heinemann facility or operations constitutes a "plant closing" within the meaning of Section 2(a)(2) of WARN, 29 U.S.C. § 2101(a)(2).

26. Defendants failed to give at least 60 days advance notice to all "affected employees" of their terminations, as required by 29 U.S.C. § 2102(a)(1).

27. Defendants' failure to give the Plaintiffs at least sixty (60) days prior written notice of their termination as a result of its closing of the Heinemann's 43rd Street facility, and the consequent termination of its "affected employees" constitutes a violation of the provisions of WARN, 29 U.S.C. § 2101, et seq.

28. Defendants Heinemann's and DSI have a duty to pay back pay and benefits to each plaintiff under WARN.

29. Defendants Heinemann's and DSI jointly decided to refuse payment of the amounts of pay and benefits owed to the employees under WARN.

30. Defendants willfully violated the WARN Act.

31. By failing to provide the statutory notice, the Employer willfully violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et. seq.

6

**WHEREFORE,** Plaintiffs respectfully request that this Court order Defendants Heinemann's and DSI:

a. to provide each Plaintiff back pay and benefits for each of the 60 days it failed to provide notice;

b. to pay attorney and court fees and costs incurred by Plaintiffs;

c. to award additional relief this Court deems just and proper.

## COUNT II – SECTION 301 BREACH OF CONTRACT CLAIM AND PREFERENCE FOR CLAIMS FOR WAGES ACT CLAIM AGAINST DEFENDANTS HEINEMANN'S AND DSI

32. Plaintiffs reiterate and reincorporate paragraphs 1-31 as if fully set forth herein.

33. In January 2004, Heinemann's Bakeries, Inc. entered into an agreement with a representative of the Plaintiffs, Local No. 1, Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, AFL-CIO-CLC ("Bakers Local No. 1"). (See **Exhibit A**, attached hereto.). This agreement provided that employees would for the first time pay certain premiums and weekly contributions to their health and welfare benefit plan for their health benefits. The premiums, which had previously been paid by the employer, would be deducted from each employee's paycheck. Such agreement attempted to modify the existing collective bargaining agreement between the parties.

34. The individual employees did not sign this agreement. Nor did individual employees ever authorize deductions from their paychecks for such deductions.

35. From January 2004 until Plaintiffs' job terminations, Heinemann's deducted these amounts from Plaintiffs' paychecks. From January 2004 until Plaintiffs' job terminations, Heinemann's made the proper contributions to Plaintiffs' health and welfare plan.

7

36. In the January 2004 agreement, Heinemann's agreed to repay employees all the monies Heinemann's deducted from their paycheck, pursuant to this agreement. Heinemann's agreed to repay such monies by March 31, 2005.

37. To date, Heinemann's and DSI failed and refused to repay Plaintiffs the monies deducted from their paychecks, pursuant to this agreement.

38. By virtue of its violation of the agreement, as it modified the collective bargaining agreement governing the employees' terms and conditions of employment, the Defendant Heinemann's bakeries is in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

39. By virtue of deducting wages without written authorization or by court order or statutory authorization, Defendant violated the LMRA, 29 USC §185.

40. The above described wages constitute debts owed to laborers or servants which have accrued by reason of their labor or employment, and therefore are considered to be preferred claims and plaintiffs are preferred creditors.

41. When Heinemann's was purportedly placed in the custody of DSI and Trustee William A. Brandt, Jr., these preferred claims were required to be paid in full from the proceeds of the sale of any properties of Heinemann's.

42. Defendants failed to pay the debts owed to the Plaintiffs from the proceeds of the sale of Heinemann's properties.

**WHEREFORE**, Plaintiffs request that this Court:

a. Find Heinemann's Bakery in violation of the January 2004 Agreement;

b. Award Plaintiffs payment of their collective health and welfare benefit contributions and premiums;

8

    c.    Award attorneys' and court fees and costs incurred by Plaintiffs;

    d.    Award any other relief this Court deems just and proper.

## COUNT III – ERISA AGAINST DEFENDANTS HEINEMANN'S AND DSI

43. Plaintiffs reallege and reincorporate the allegations in paragraphs 1-42, as if fully set forth herein.

44. Plaintiffs have standing to bring an action under ERISA under Section 1132, in order to enforce their rights as participants under the terms of the plan.

45. Defendant Heinemann's was bound by a collective bargaining agreement ("CBA") with Bakers' Local No. 1. As part of the CBA, Heinemann's was required to make payments on each Plaintiff's behalf to a variety of benefit trust funds ("Funds").

46. Defendant Heinemann's failed to pay benefits to the Funds, pursuant to the CBA, in accordance with its duties under the WARN Act.

47. Defendant Heinemann's failed to repay plaintiffs for the contributions deducted from plaintiffs' wage checks, following the purported amendment to the CBA made in January 2004.

48. Defendant DSI was an agent of Defendant Heinemann's, following its acceptance of the assignment of assets in July 2005, and therefore acquired Heinemann's duties to Plaintiffs and to the Funds for payments to the Funds and for repayment to the Plaintiffs.

49. Defendants Heinemann's and DSI failed to make these payments and repayments.

50. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Heinemann's and DSI.

51. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE**, Plaintiffs request that this Court:

a. Find Heinemann's and DSI in violation of the January 2004 Agreement;

b. Award Plaintiffs payment of their collective health and welfare benefit contributions and premiums;

c. Award attorneys' fees and court fees and costs incurred by Plaintiffs;

d. Award any other relief this Court deems just and proper.

## COUNT IV – PLAINTIFFS' WAGE PAYMENT AND COLLECTION ACT CLAIM AND PREFERENCE FOR CLAIMS FOR WAGES ACT CLAIM AGAINST ALL DEFENDANTS

52. Plaintiffs reallege and reincorporate the allegations in paragraphs 1-51, as if fully set forth herein.

53. This Court has supplemental jurisdiction of Plaintiffs' claims in this Count pursuant to 28 U.S.C. Section 1367. Plaintiffs here claim a violation of the Illinois Wage Payment and Collection Act Claim, 820 ILCS 115/9 and a violation of the Preference for Wages Act, 770 ILCS 85, *et seq*.

54. Plaintiffs did not authorize wage deductions for payments allegedly to be used for their health care plan.

55. Defendant deducted monies from Plaintiffs' paychecks from January 2004 until their termination in fall 2005.

56. Defendant's deductions were not pursuant to court order.

57. Defendant's deductions were not authorized by Plaintiffs.

58 Defendant's deductions were not otherwise permitted by the Illinois Wage Payment and Collection Act, 820 ILCS 115/9.

59. In taking deductions from Plaintiffs' pay from January 2004 through their termination, Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/9.

60. Defendant Heinemann's was obligated pursuant to a collective bargaining agreement with the Plaintiffs' labor representative, Bakers Local No. 1, to provide Plaintiffs severance benefits upon the severance of their employment at Heinemann's Bakeries. These benefits are owed directly to the Plaintiffs by the Defendants.

61. Defendant Heinemann's failed and refused to provide the Plaintiffs their severance benefits upon cessation of their employment with Heinemann's.

62. Defendant Heinemann's also owed Plaintiffs accrued vacation benefits pursuant to the collective bargaining agreement with Plaintiffs' representative, Bakers Local No. 1.

63. Defendant Heinemann's failed to provide Plaintiffs any accrued vacation benefits upon termination of their employment.

64. By failing to pay Plaintiffs severance benefits or accrued vacation benefits, Defendants violated the Illinois Wage Payment and Collection Act.

65. Further, Defendants were required to pay Plaintiffs' wages and benefits, pursuant to its violation of the WARN Act.

11

66. Individual defendants Vincent Graham, Susan D. Graham, Dennis A. Dorner, Gregg H. Dorner, Andrew Geryol, and William Rimkus, knowingly permitted and were involved in the decision that Heinemann's would not pay the Plaintiffs their owed accrued vacation and severance benefits, the decision to withhold monies from employees as a loan from Plaintiffs for health and welfare costs, the decision not to repay the monies withheld, and the decision not to pay the amounts owed under the WARN Act.

67. As a result of their involvement, the individual defendants, as well as Defendant Heinemann's, are liable to Plaintiffs pursuant to the Illinois Wage Payment and Collection Act.

68. Defendant DSI and Defendant Trustee William A. Brandt, Jr., as agents of Heinemann's, also knowingly permitted and were involved in the decisions not to pay Plaintiffs the above described wages and benefits.

69. The above described wages and benefits, as well as the wages and benefits owed to the Plaintiffs under the WARN Act, constitute debts owed to laborers or servants which have accrued by reason of their labor or employment, or constitute funds due and unpaid to trustees for the beneficiaries of a pension or retirement plan, and therefore are considered to be preferred claims and plaintiffs and the trustees are preferred creditors.

70. When Heinemann's was placed in the custody of DSI and Trustee William A. Brandt, Jr., these preferred claims were required to be paid in full from the proceeds of the sale of any properties of Heinemann's.

71. All defendants failed to pay the debts owed to the Plaintiffs from the proceeds of the sale of Heinemann's properties.

72. Plaintiffs mailed a letter to Defendants Vincent Graham, Susan D. Graham, Dennis A. Dorner, Gregg, Andrew Geryol, and William Rimkus, demanding the monies owed them under the WPCA, more than three days before filing of suit.

**WHEREFORE,** Plaintiffs seek an order requiring Defendant to:

a. Refund all monies wrongfully deducted from Plaintiffs' paychecks;

b. Refund to Plaintiffs all monies owed Plaintiffs for unpaid severance benefits and accrued vacation benefits;

c. Pay to Plaintiffs all monies owed under the WARN Act;

d. Award attorneys' fees and court fees and costs incurred by Plaintiffs, pursuant to the Wage Actions Act, 705 ILCS 225;

e. Award any other relief this Court deems just and proper.

_____
Amy Elizabeth Paluch Epton
One of the Attorneys for Plaintiffs

Amy Elizabeth Paluch Epton
Whitfield & McGann
111 East Wcker Drive, Suite 2600
Chicago Illinois, 60601
(312) 251-9700  (312) 251-9701 Fax

13

## SIDE LETTER OF AGREEMENT

Heinemann's Bakeries Inc. (the company) and Local Union No. 1 Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, AFL-CIO-CLC (the union) hereby agree to temporarily amend their current collective bargaining agreement (the term of which is from 5/13/01 through and including 5/14/05) for only the limited express purpose and specific time frame outlined below.

All full time bargaining unit members of Local Union No. 1, working for Heinemann's Bakeries Inc., agree to individually and collectively help Heinemann's Bakeries Inc. survive its cash flow and economic downturn problem by agreeing contribute twenty percent (20%), of the monthly cost of their particular health benefit premium, through payroll deductions beginning on January 1, 2004 and ending no later than December 31, 2004. The premiums and weekly contributions for calendar year 2004 are as follows:

|  | PPO | 20% Contribution | HMO | 20% Contribution |
|---|---|---|---|---|
| Employee only | $61.61 | $12.32 | $55.29 | $11.06 |
| Employee & spouse | $118.71 | $23.74 | $106.55 | $21.31 |
| Employee & child | $126.13 | $25.23 | $113.23 | $22.65 |
| Family | $183.24 | $36.65 | $164.46 | $32.89 |

Heinemann's Bakeries Inc., agrees to pay employees all money deducted from their wages for the aforementioned purpose, on a date and time agreeable to the Company and the Union, but no later than March 31, 2005. The Company will also forward such payments to employees no longer employed at the time such reimbursement is made by sending checks in the proper amounts to the last known address of said employee. Payments to employees pursuant to this Side Letter will be made in addition to payments that may become due to employees in accordance with Paragraph 3 of Article IV Section 14(d).

If the Company declares bankruptcy before reimbursing employees in accordance with the commitment set forth above, such employees will be deemed to have legally-enforceable wage claims with priority under Section 507 (a) 3 of the U.S. Bankruptcy Code. Any reimbursements that are not treated as priority wage claims under the Bankruptcy Code will be treated as general unsecured claims and given preference for payment before any shareholders of the Company are paid for the value of any remaining Company assets.

Company officials, including Vincent Graham and whomever he chooses, will meet with all Local 1 members working the week of 1-5-04 to explain the Company's need for this temporary relief and to explain what the Company intends to do to ensure, as best as possible, reimbursement of said wages. Ample time will be given to answer questions. This meeting shall be held no latter than Friday, January 9, 2004.

On behalf of Heinemann's Bakeries, Inc.:  On behalf of the members of Local No. 1:

_____  _____
Vincent Graham                   Jethro Head

Date: Jan 15, 2004               Date: 1-14-04



EXHIBIT A